4:25



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Frank D. Quinn
Executive Director
Texas State Parks Board
Austin 11, Texas

Dear Sir:                    Opinion No. O-6898

Re:  Validity of a certain payroll
item in the amount of $937.50,
alleged by the State Parks
Board to be for "seasonal
labor" and submitted to the
State Comptroller for payment.

We have your recent request for an opinion on the above question, said request reading as follows:

"Enclosed is a copy of a letter dated October 19 from George H. Sheppard, Comptroller of Public Accounts, to Mr. Frank D. Quinn, Executive Director of the Texas State Parks Board, in regard to our payroll drawn against 'appropriation' No. W-500 in the amount of $937.50, with reference to its alleged violation of General Rider, 14b of the Departmental Appropriation Bill.

"We agree that insofar as a specific legislative appropriation for a salaried position is concerned, the quoted portion of Section 14b would be applicable.

"However, the payroll in question is based on salaries set up by the Legislative Audit Committee for seasonal labor, not on 'any position provided for in this act.' The so-called 'appropriation' No. W-500 is not a salaried position set up by the Legislature--it is merely an 'account' set up by the State Comptroller's Department, based on a 'budget' set up by the Legislative Audit Committee.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Frank D. Quinn, page 2

"Furthermore, the items on the payroll in ques-
tion are for <u>seasonal labor</u>, and the employees who
are on said payroll are employed only <u>as needed</u>,
based on the seasonal variations of the amount of
work involved by this department. In submitting
our budget to the Legislative Audit Committee, it
was specifically understood that said items were
seasonal in nature, and to be used as and when
needed and in the manner needed. For example, the
$75 and $100 items for clerical work were understood
to be for part time work, and it was understood that
they could further be broken down as needed.

"We are of the opinion that the salaries in ques-
tion, which are payable out of <u>Special Park Fund</u>, and
approved by the Legislative Audit Committee through
the 'budget system' are not governed by the quoted
portion of Section 14b of the Departmental Appropria-
tion Bill. To hold otherwise would be holding <u>con-
trary to legislative intent</u>,for it is obvious that
the intention of the legislature was that such a
limitation on salaries applied only to specific
salary appropriations, and not to possible variable
wage payments out of special funds, nor to specific
salary <u>accounts</u> set up by Committees, Boards or
Commissions out of Special Funds.

"Therefore, we respectfully request an opinion
from you, directing the State Comptroller to issue
warrants on said payroll."

The copy of letter to you from the Comptroller accompanying
your request and referred to therein reads as follows:

"Your payroll drawn against Appropriation No.
W-500 in the amount of $937.50 has been presented
to me for payment.

"General Rider, 14b of the Departmental Appropri-
ation Bill provides in part: 'Nothing herein shall
prevent any department head from paying less than the
maximum amount set forth herein for any salaried
position.' Section 14a provides in part: 'The head
of any department of State Government or any Board
or Commission of State Government may use part time
employees to fill any position provided for in this

Hon. Frank D. Quinn, page 3

act at a salary not to exceed more than one-half the amount appropriated for such position.'

"Please advise as to why the rate of pay of the part time employees listed in this payroll, whose rate of compensation exceeds more than one-half of the amount set aside for that position, is not in violation of Section 14a, quoted above.

After receiving said request, we asked you for additional information relative to the facts and, in reply to our request, you submitted to us the following:

"PAYROLL SALARY APPROPRIATIONS FOR
STATE PARKS BOARD
SPECIAL PARK FUND 64
DEPARTMENT 801
FISCAL YEAR ENDING AUGUST 31, 1946

"REFERENCES: S. B. 317 - R.S. 49th Legis. and Legislative Audit Committee
• 6 months Budget Approved August 27, 1945

| "APPR. NO. | ITEM NO. | TITLE | AMOUNT | MO. RATE |
|------------|----------|-------|--------|----------|
| W-500 | | (PAYROLL SALARIES REGULAR BASIS) | | |
| | 1 | Consulting Architect | 600.00 | 100.00 |
| | 2 | Receptionist - Part Time | 450.00 | 75.00 |
| | 3 | Receptionist - Part Time | 450.00 | 75.00 |
| | 4 | Stenographer | 750.00 | 125.00 |
| | 5 | File Clerk | 600.00 | 100.00 |
| | 6 | Draftsman | 600.00 | 100.00 |
| | 7 | Typist and File Clerk | 600.00 | 100.00 |
| | 8 | West Texas Representative | 1,200.00 | 200.00 |
| | 9 | Painter | 750.00 | 125.00 |
| | | TOTAL SALARIES | 6,000.00 | 1,000.00" |

The above payroll salary appropriation was approved by the Legislative Auditing Committee.

Hon. Frank D. Quinn,   page 4

A copy of the payroll in question, Items 3 and 7 of which are in dispute, said payroll being as follows:

"TEXAS STATE PARKS BOARD
PAYROLL DETAIL

"Supplementary Monthly Payroll Ending October 31st, 1945

| "Appr. No. | Item No. | Name and Payroll Title | Gross Amt. | Tax | Net Amt. | War. Nos. |
|---|---|---|---|---|---|---|
| "W-500 | 1 | B. E. Giesecke Consulting Architect | 100.00 | -- | 100.00 | |
| | 2 | Mary Lucille O'Brien Receptionist-Part Time | 75.00 | 0.70 | 74.30 | |
| | 3 | W. O. Stewart (2/3 mo.) | 50.00 | 0.80 | 49.20 | |
| | | Fay Deglandon (1/3 mo.) | 25.00 | 4.50 | 20.50 | |
| | | Receptionist - Part Time | | | | |
| | 4 | Betty Conn Stenographer | 125.00 | 16.50 | 108.50 | |
| | 5 | Elizabeth Allen File Clerk | 100.00 | 3.20 | 96.80 | |
| | 6 | Mary Burr Draftsman | 100.00 | 19.90 | 80.10 | |
| | 7 | M. W. Hunter (1/4 mo.) | 25.00 | -- | 25.00 | |
| | | Barbara Raisch (3/4 mo.) | 75.00 | 5.70 | 69.30 | |
| | | Typist and File Clerk | | | | |
| | 8 | Fred McNiel West Texas Representative | 200.00 | 7.20 | 192.80 | |
| | 9 | John Fay (1/2 mo.) Painter | 62.50 | 8.30 | 54.20 | |
| | | | 937.50 | 66.80 | 870.70 | |

Collector of Internal Revenue   66.80"

Hon. Frank D. Quinn, page 5

The List of Comptroller's Numbers containing the number of this particular item, which reads as follows:

"LIST OF COMPTROLLER'S NUMBERS
ASSIGNED TO
APPROPRIATIONS FOR FISCAL YEAR ENDING AUGUST 31, 1946

"DEPARTMENT: STATE PARK BOARD                     No. 801
FUND       : SPECIAL PARK FUND                    No.  64
APPROPRIATED: S.B. 317 - R.S. 49th Leg. & LEGISLATIVE AUDIT
            COMMITTEE
            6 MONTH BUDGET APPROVED AUGUST 27, 1945

| APPRO. NO. | TITLE OF ACCOUNT | APPROPRIATED AMOUNT |
|---|---|---|
| W-500 | PAYROLL SALARIES REGULAR BASIS | $ 6,000.00 |

"*  *  *"

The appropriation for the Texas State Parks Board (Vernon's Texas Session Law Service, pages 898-904) contains the following:

"All of the previous annual balance in the Special Park Fund and all Future receipts deposited in the Special Park Fund are hereby appropriated and re-appropriated for each year of the biennium for maintenance and improvement of the State Parks. Provided, however, the State Parks Board shall not have the authority to employ any additional help out of said receipts except seasonal help. All maintenance items may be supplemented with Federal Funds.

"All the above appropriation shall be subject to the approval of the State Auditing Committee and none of the funds herein provided shall be spent until such approval shall have been had."

As we understand the situation, the salaries here under consideration were not provided to fill any position referred to in the Appropriation Bill itself. They are part time positions created by the State Parks Board for seasonal help, the budget for which was set up by the Legislative Auditing Committee, and employees in question are such employees as are authorized under the above quoted provisions from the appropriation for the State Parks Board. It is our opinion that the State Parks Board would

Hon. Frank D. Quinn, page 6

not be authorized to employ any additional help other than such as would be seasonal help. Accordingly, it is our opinion that such payroll is not in violation of Section 14a set out in the Comptroller's letter, and that it should be paid as submitted by the State Parks Board.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:LJ

